IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEAF TRADING CARDS, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| PANINI AMERICA, INC., | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Leaf Trading Cards, LLC ("Leaf"), complaining of Defendant Panini America, Inc. ("Panini"), avers as follows:

## INTRODUCTION

Panini is engaging in unfair competition and infringing Leaf's trademark for "PRISMATIC" sports trading cards by producing, marketing, promoting, and selling its product known as "PRIZM" trading cards.  Despite Leaf's request, Panini has refused to stop producing, marketing, promoting, or selling its PRIZM product.  Accordingly, Leaf seeks relief for Panini's infringement of Leaf's PRISMATIC trademark and unfair competition.

## PARTIES

1.     Leaf is a Texas limited liability company with its principal place of business at 3330 Earhart Dr., Suite 204, Carrollton, Texas  75006.

2.     Upon information and belief, Panini is a corporation incorporated under the laws of the State of Delaware, having its principal place of business at 5325 FAA

1

Blvd., Suite 100, Irving, Texas 75061. Service of this complaint is proper upon the registered agent of Panini; namely, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), because this case arises under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over Leaf's unfair competition claims under 28 U.S.C. § 1338(b). This Court has jurisdiction over Leaf's state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

## BACKGROUND FACTS

### Leaf's Business and Products

5. Leaf began operations in 2010 as a manufacturer and seller of sports trading cards. Information about Leaf and its products is available at www.leaftradingcards.com.

6. Leaf markets and sells its products nationwide to dealers and distributors of trading cards and sports memorabilia who then resell Leaf's products to individual collectors. Leaf does not have an online store.

### Leaf's "PRISMATIC" Trading Cards

7. Leaf created, developed, used, and is still using, the distinctive mark "PRISMATIC" in connection with the production, marketing, promotion, and sale of certain of its trading cards.

8. Leaf began use of the PRISMATIC mark in 2011 and has continued to use the mark continuously since.

9. Leaf created the PRISMATIC mark for its trading cards that have a metal appearance and refract light.  The cards are bright and glossy, and have a reflective, 3-diemensional appearance.

10. Leaf also produces, markets, promotes, and sells "parallel" PRISMATIC trading cards.  These PRISMATIC cards are "parallel" because they each have the same design as the original PRISMATIC card, but incorporate another feature, such as a background color.  As a result, some Leaf PRISMATIC cards will be produced, promoted, marketed, and sold with a color designation (e.g., blue, gold, green, red, purple), such as a Leaf "Blue PRISMATIC."  Leaf has also produced, marketed, promoted, and sold "SUPER PRISMATIC" trading cards.

11. Leaf's website contains "sell sheets" for the following Leaf PRISMATIC card products marketed with the PRISMATIC mark:

   A. 2011 Leaf Metal Draft Baseball

   B. 2012 Leaf Metal Draft Baseball

   C. 2011 Leaf Metal Draft Football

   D. 2012 Leaf Metal Draft Football

   E. 2011 Rookie Retro

   F. 2011 Muhammad Ali

   G. 2012 Leaf Metal Golf

   H. 2012 Leaf Metal Poker

These sell sheets are attached hereto as Exhibits "A" to "H" and incorporated herein by reference.

12. The box for the "Leaf 2011 Rookie Retro" series is an example of the express reference to Leaf's PRISMATIC mark:



13. Prior to the acts of Panini complained of herein, Leaf expended a substantial amount of money in developing, marketing, and promoting its PRISMATIC mark in connection with its trading cards. Leaf is continuing to spend substantial sums promoting the PRISMATIC mark.

14. Leaf has acquired an excellent reputation among trading card customers because of its high quality trading cards, innovative products, and excellent customer service. As a result, Leaf's products associated with its trademarks have been and are now recognized by the public and the trading card community as originating from a single source, namely, Leaf.

15. Independent third parties in the trading card industry refer to Leaf's PRISMATIC cards by using the PRISMATIC mark (e.g., "2011 Leaf Golf Metal

Autographs Prismatic," "2011 leaf Muhammad Ali Metal Prismatic Blue," "Red Prismatic," "Prismatic parallels").

16. Beckett, the undisputed authoritative cataloguer of sports trading cards, catalogues Leaf's PRISMATIC cards by expressly referencing the PRISMATIC mark. A current search on www.beckett.com returned 2,848 listings for "2011 Leaf Prismatic" trading cards and 1,556 listings for "2012 Leaf Prismatic" trading cards. Attached hereto as Exhibits "I" and "J" and incorporated herein by reference are screenshots evidencing a portion of the results of those searches.

17. Online sellers of Leaf's PRISMATIC trading cards also refer to Leaf's PRISMATIC cards using the PRISMATIC mark. For example, a current search on www.ebay.com for "LEAF PRISMATIC CARD" returned more than 2,000 active listings, and the same search on www.amazon.com returned more than 1,500 listings. True and correct copies of the initial pages of the eBay and Amazon search results are attached hereto as Exhibits "K" and "L" and incorporated herein by reference.

**Panini's "PRIZM" Trading Cards – Infringing and Unfair**

18. Panini is also a manufacturer of sports trading cards and is one of Leaf's principal competitors.

19. In the second half of 2012, Panini announced that it intended to release a line of trading cards under the name "PRIZM."

20. The look and feel of Panini's PRIZM product is nearly identical to the Leaf PRISMATIC product in terms of name and appearance.

21. Panini is now selling PRIZM trading cards and is expanding the production, marketing, promoting, and selling of its PRIZM trading cards.

22. The following example of Panini's PRIZM trading cards evidences Panini's reliance on the word "PRIZM," which is confusingly similar to Leaf's "PRISMATIC" mark:



23. The packaging for Panini's PRIZM trading cards further evidences Panini's reliance on the word "PRIZM," which is confusingly similar to Leaf's "PRISMATIC" mark on its trading cards:



24. Panini's literature expressly uses Leaf's sports trading card mark of "prismatic" in reference to the PRIZM product (e.g., "prismatic pleasures of Prizm," "Poignantly … prismatic"). Examples of such references are attached hereto as Exhibit "M" and are incorporated herein by reference.

6

25. In addition, Panini is producing, marketing, promoting, and selling "prismatic parallel" trading cards in the PRIZM line, further infringing on Leaf's PRISMATIC mark and product lines.

26. On or about January 28, 2013, Leaf, through its attorneys, sent Panini notice in writing of its trademark rights in the PRISMATIC mark and requested Panini cease its infringing activities. A true and correct copy of the January 28 letter is attached hereto as Exhibit "N" and incorporated herein by reference. Panini denied that Leaf has any trademark rights relating to the PRISMATIC mark, denied any infringement by Panini, and refused to stop promoting and selling its PRIZM cards.

27. On February 6, 2013, Panini's flaunted and expanded its infringement of Leaf's rights. Panini's official blog boldly claimed that its "Select Basketball" trading card was in production and would include "profoundly **Prizmatic** on-card autographs." (bold emphasis in Panini blog). A copy of the February 6 Panini blog is attached hereto as Exhibit "O" and incorporated herein by reference. Later on February 6, Panini revised its blog posting by deleting "profoundly **Prizmatic** on-card autographs" and replacing that phrase with "on-card Prizm-technology." A copy of the revised February 6 Panini blog is attached hereto as Exhibit "P" and incorporated herein by reference.

## COUNT ONE

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT

28. Leaf incorporates by reference the allegations of Paragraphs 1 through 27.

29. Panini has infringed, and continues to infringe, Leaf's rights in the PRISMATIC mark in violation of 15 U.S.C. § 1051 *et seq.*, by various acts, including

7

producing, promoting, marketing, and selling trading cards under the PRIZM designation, and advertising such cards using the designation PRIZM, which is confusingly similar to Leaf's PRISMATIC mark. Panini's selling of trading cards and advertising such cards for sale under the confusingly similar designation PRIZM has not been sponsored, endorsed, certified or authorized by Leaf.

30.     Panini's action in using a confusingly similar trademark infringes Leaf's rights in the PRISMATIC mark.  Such unauthorized use of marks confusingly similar to Leaf's trademark has caused actual confusion, is likely to continue to cause confusion, to cause mistake, and to deceive the public and comprises acts of misrepresentation and unfair competition.  Panini's use of its infringing mark, which began after Leaf's use of PRISMATIC, has caused actual confusion and diversion of business from Leaf and Leaf's purchasers to Panini.

31.     Panini's acts of trademark infringement, misrepresentation, and unfair competition are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Leaf and its property rights in the PRISMATIC mark, and to cause confusion, mistake and deception.

## COUNT TWO

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

32.     Leaf incorporates by reference the allegations of Paragraphs 1 through 31.

33.     Panini has sold trading cards in commerce under a false designation and representation using a mark that is confusingly similar to Leaf's PRISMATIC trademark.

34. Panini's acts are in violation of 15 U.S.C. § 1125(a), because Panini has used, in connection with trading cards, a false designation of origin and false description or representation of fact, including words and other symbols tending falsely to describe or represent the same, and have caused such goods to enter into commerce. Leaf has been damaged by such false description or representation, because of the likelihood that purchasers will be confused and deceived as to the true source or sponsorship of Panini's goods, or as to the connection, affiliation, or association with Panini's goods.

35. Because of the distinctiveness of Leaf's trademark, that mark has acquired a secondary significance indicating a single source for goods offered by Leaf, or offered under its respective surveillance and authority.

36. Panini has, without the consent of Leaf, offered for sale or sold trading cards competing with those originally offered by Leaf, or under the surveillance and authority of Leaf. Panini has caused a mark confusingly similar to Leaf's, trademarks to be placed on Panini's trading cards and advertisements for Panini's trading cards, in order to falsely designate the origin of its goods. These acts by Panini are likely to cause confusion, mistake and deception of purchasers. On information and belief, Panini is providing, advertising, offering for sale, selling or providing these infringing goods in this judicial district.

37. Panini has represented to consumers through usage of confusingly similar marks that it is selling and providing genuine goods of Leaf. These representations are false and misleading and known by Panini to be false and misleading. Accordingly, Panini is in violation of 15 U.S.C. § 1125(a).

## **COUNT THREE**

## **COMMON LAW UNFAIR COMPETITION**

38.     Leaf incorporates by reference the allegations of Paragraphs 1 through 37.

39.     The acts of Panini complained of herein constitute unfair competition and infringement of Leaf's common law rights in the PRISMATIC mark.  The PRISMATIC mark identified Leaf as the sole source of their respective trading card goods, and distinguished those goods from the goods of others.  The PRISMATIC mark has been used in connection with providing, offering, advertising and sale of Leaf's trading cards prior to Panini's sale of PRIZM cards.

40.     As a result of the care and skill exercised by Leaf in the conduct of its businesses relating to the sales of trading cards under the PRISMATIC mark, particularly in the maintenance of high quality trading cards, its extensive advertising, and its extensive marketing of those goods throughout the relevant industry since 2011, the trading cards offered under Leaf's PRISMATIC trademark have acquired a reputation for high quality.  As a result of these efforts by Leaf, the relevant industry recognizes the PRISMATIC mark as identifying trading cards of Leaf.  The PRISMATIC mark has acquired wide fame and symbolizes the goodwill which Leaf has created by the sale of high quality trading cards.  Consequently, the PRISMATIC mark constitutes a valuable asset of Leaf.

41.     After the adoption and use by Leaf of the PRISMATIC mark, Panini began infringing that mark by advertising and selling trading cards under a confusingly similar mark.  Such conduct constitutes common-law infringement and unfair competition

10

under the laws of the State of Texas. Such conduct is designed to cause confusion and mistake and to deceive purchasers into believing that Panini's trading cards are some how sponsored by, provided by, or associated with Leaf.

## DAMAGES

42. The amount of actual damages sustained by Leaf and/or profits of Panini under Counts 1, 2, and 3 is not ascertainable at the time of filing of this Complaint but will be ascertained during pretrial discovery.

## INJUNCTION

43. Panini's infringement of Leaf's trademark is causing, and will continue to cause, irreparable injury to Leaf's trade, business reputation, goodwill, and profits. This infringement will continue to cause irreparable injury unless restrained by this Court.

44. Leaf's remedy at law is not adequate to compensate it for injuries suffered and likely to be suffered.

45. Leaf is entitled to injunctive relief, enjoining and restraining Panini's infringement of Leaf's trademark and other wrongful and unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, Leaf respectfully requests that:

1. Panini, its officers, directors, principals, agents, servants, employees, attorneys, subsidiaries, affiliates, successors and assigns, and all persons in active concert or participation with them, be enjoined from:

    a. using the infringing name and mark PRIZM, or any other combination, reproduction, counterfeit, copy or colorable imitation of Leaf's PRISMATIC

mark, in connection with the promotion, advertising, or offering for sale or sale of goods the same or similar to those offered by Leaf, including sports trading cards;

      b.    using the name and mark PRIZM, or any other combination, reproduction, counterfeit, copy or colorable imitation of Leaf' PRISMATIC mark in any manner likely to cause confusion, to cause mistake or to deceive;

      c.    selling or passing off, inducing or enabling others to sell or pass off any goods similar to the goods sold by Leaf under names and marks the same as or similar to Leaf's trademark PRISMATIC;

      d.    committing any acts calculated to cause purchasers to believe that Panini's goods are the goods of Leaf in whole or in part, or are authorized or sponsored by Leaf;

      e.    competing unfairly with Leaf in any manner, including, but not limited to, using Leaf's PRISMATIC mark or any confusingly similar mark;

      f.    destroying, altering, disposing of, consuming, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating to or referring in any manner to the providing, advertising, sale or offer for sale of any goods bearing the name or mark PRIZM.

      2.    Panini be required to deliver up for destruction or alternatively, to obliterate all infringing marks on its entire inventory of signs, computer programs and listings, advertisements, literature, correspondence, invoices and catalogs or any other material in the possession or control of Panini bearing the infringing trademark PRIZM or any other mark confusingly similar to Leaf's PRISMATIC mark.

3.  Panini be required to contact each person who has purchased from it any infringing goods under the infringing trademark PRIZM or any other mark confusingly similar to Leaf's mark PRISMATIC, and notify that person that such was not a genuine trading card offered by Leaf.

4.  Leaf be awarded damages, including, without limitation, profits realized by Panini by reason of Panini's unlawful acts alleged herein, that those damages and profits be increased as provided by law and that those damages and profits be trebled for the willfulness of Panini's acts pursuant to 15 U.S.C. § 1117(b).

5.  Leaf be awarded punitive damages.

6.  Leaf be awarded its costs and reasonable attorney's fees.

7.  Leaf be awarded prejudgment and postjudgment interest on damages.

8.  Leaf be awarded such other and further relief to which it is entitled.

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, Leaf hereby demands a trial by jury on all issues triable as such.

Respectfully Submitted,

/s/ O. Luke Davis, III
O. Luke Davis, III
Texas Bar No. 05532700
odavis@gpm-law.com

Glast, Phillips & Murray, P.C.
14801 Quorum Drive
Suite 500
Dallas, Texas 75254
(972) 419-8300
(972) 419-8329 Fax

ATTORNEYS FOR PLAINTIFF
LEAF TRADING CARDS, LLC